IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JARED D. BUSTAMANTE, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| v. | ) Case No. 16-2259-JWL-KGG |
| | ) |
| VOLKSWAGEN GROUP OF | ) |
| AMERICA, INC., *et al.*, | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

Before the Court is Defendant's "Motion to Stay Proceeding and Enlarge Time for Responsive Pleading" (Doc. 7). For the reasons set forth below, the Court **GRANTS** Defendant's Motion to Stay.

## BACKGROUND

This case was removed by Defendant from the District Court of Johnson County, Kansas, on April 21, 2016. (Doc. 1.) The underlying state court petition included claims alleging violations of the Kansas Consumer Protection Act, Negligent Misrepresentation, and Conspiracy regarding Defendant's "Turbocharged Direct Injection ('TDI') 'Clean' Diesel vehicles." (Doc. 1-1.)

The present motion was filed on April 22, 2016, asking this Court "to stay all proceedings in this case until the Judicial Panel on Multidistrict Litigation's (the "JPML") rules on whether this case should be transferred" to be included in a

larger MDL case.  The motion also requested a correlating "an enlargement of time for Defendants to respond to Plaintiff's petition, to run until such time as the Court orders, following the outcome of the JPML decision on transfer[.]"  (Doc. 7, at 1.)

On April 26, 2016, Plaintiffs filed a Motion to Remand, requesting that the case be returned to Johnson County, Kansas, District Court.  (Doc. 8.)  That motion remains pending before the federal District Court.[1]

## ANALYSIS

The Federal Rules of Civil Procedure do not, *per se* provide for a stay of proceedings.  The Rules do, however, state that a "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ."  Fed.R.Civ.P. 26(c)(1).  "The proponent of a stay bears the burden of establishing its need."  **Clinton v. Jones**, 520 U.S. 681, 708 (1997).  If there is a reasonable possibility that the stay will cause hardship on plaintiff, defendant must establish a "clear case of hardship or inequity" to be granted a stay.  **Landis v. North American Co.**, 299 U.S. 248, 255 (1936).  "Only

---

[1] Plaintiffs also filed a "Motion to Expedite Ruling on Plaintiffs' Motion to Remand."  (Doc. 14.)  The District Court denied this motion by text entry, stating the Court's "belie[f] that the transferee court should decide this motion in order to promote uniformity."  (Doc. 16.)

in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Id*.

This Court finds a stay of this case to be appropriate.  The MDL case at issue arises out of substantially the same allegations as those contained in Plaintiffs' case.  That case is nearing completion and a settlement therein appears eminent.  The requested stay is in the interests of judicial economy – as well as the economy of the parties – particularly given the pending Motion to Remand.  Further, Plaintiffs have not established how they would suffer undue hardship as a result of this stay.  For these reasons, Defendant's motion (Doc. 7) is **GRANTED**.  The present matter will be stayed for **ninety (90) days** from the date of this Order.  Thereafter, the parties are instructed to jointly submit a status report to this Court, via e-mail, indicating whether the matter is being resolved in conjunction with the MDL action or whether the current stay needs to revisited.  For these reasons, Defendants' Motion to Stay (Doc. 7) is **GRANTED**.

**IT IS SO ORDERED**.

Dated this 6th day of June 2016, at Wichita, Kansas.

                            S/ KENNETH G. GALE
                            KENNETH G. GALE
                            UNITED STATES MAGISTRATE JUDGE